5:19-cv-957

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JANE UIW-GEL DOE** | § | |
| **Plaintiff** | § | |
| **vs.** | § | **C.A. _____** |
| **UNIVERSITY OF THE** | § | |
| **INCARNATE WORD and** | § | |
| **UNIVERSITY OF THE** | § | |
| **INCARNATE WORD SCHOOL** | § | |
| **OF OSTEOPATHIC MEDICINE** | § | |
| **Defendants** | § | |

_____

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff "**JANE UIW-GEL DOE**" to file her "Plaintiff's Original Complaint" as follows:

### A.  NATURE OF THE SUIT

1.      Plaintiff Jane (defined hereafter) is a female who was recently attending medical school at Defendants. Jane has certain Disabilities (defined hereafter) which were registered with Defendants. However, Defendants refused to provide Jane with the Accommodations (defined hereafter) required by federal law, and Jane was forced to leave Defendants' medical school. However, after Jane left Defendants' medical school, Defendants provided the Accommodations to other students of Anglo ethnicity, highlighting Defendants' discrimination against Jane. Jane has been left with no choice to file ther Complaint for damages and equitable relief.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                              1
Glaw 2019.08.06

2.      Plaintiff Jane now files this original action for damages pursuant to:

> Section 504 of the Rehabilitation, Comprehensive Services, and Developmental Disabilities Act of 1978, 29 U.S.C. § 794;

and other state causes of action brought to this Court through its supplemental jurisdiction described hereafter.

## B.   PARTIES

3.      Plaintiff "**JANE UIW-GEL DOE**" ("Jane") is an individual residing in the State of Texas.  Because of the privacy issues involved in this matter and the real and eminent threat of further retaliation by Defendants, Jane is hereby exercising her rights to proceed with this matter anonymously.

4.      The need to protect the identity of Plaintiff Jane does not hinder the defense of this matter by Defendants, for the facts are well known to the Defendants. When applying the applicable tests (created by jurisprudence applicable to this Court) to balance the needed protection of privacy versus any inconvenience to the Defendants, the protection of Jane's privacy prevails.

5.      At such time as the Court might agree on procedures designed (a) to protect the privacy of Plaintiff Jane, and (b) to protect Plaintiff Jane from further retaliation, Jane's identity shall be disclosed to Defendants.

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.08.06

6.     Defendant **UNIVERSITY OF THE INCARNATE WORD** ("UIW")
is a private university operating in Bexar County, in the State of Texas and may be
served with citation by serving its President as follows:

**UNIVERSITY OF THE INCARNATE WORD
c/o DR. THOMAS M. EVANS, PRESIDENT
4301 BROADWAY, CPO 308
SAN ANTONIO TEXAS, 78209**

7.     Defendant **UNIVERSITY OF THE INCARNATE WORD
SCHOOL OF OSTEOPATHIC MEDICINE** ("UIW-Medical") is a private
university operating in Bexar County, in the State of Texas and may be served with
citation by serving its President as follows:

**UNIVERSITY OF THE INCARNATE WORD SCHOOL OF
OSTEOPATHIC MEDICINE
c/o DR. THOMAS M. EVANS, PRESIDENT
4301 BROADWAY, CPO 308
SAN ANTONIO TEXAS, 78209**

**C.  <u>JURISDICTION and VENUE</u>**

8.     The jurisdiction of this Court is in accordance with 28 U. S. C. § 1331
as involving a *federal question* proceeding arising under:

Section 504 of the Rehabilitation, Comprehensive Services,
and Developmental Disabilities Act of 1978, 29 U.S.C. § 794
("Section 504").

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.08.06

9.     The Court may further exercise supplemental jurisdiction over Plaintiffs' claims arising under Texas law pursuant to 28 U.S.C. § 1367.

10.     Venue is proper in the Western District of Texas (San Antonio Division) because Defendants operate their schools in, and from, San Antonio, Bexar County, Texas (which is within the Western District of Texas), and the underlying events took place in San Antonio, Bexar County, Texas, which is within the Western District of Texas.

## D. FACTUAL ALLEGATIONS

### *Who is Plaintiff Jane?*

11.     Plaintiff Jane is a bright, young woman (of Hispanic ethnicity) who has overcome many adversities while achieving significant academic success.

12.     Plaintiff Jane has a passion for serving others, which is one of the reasons Jane has chosen a life path of becoming a doctor.

13.     Of all the universities in the United States, Plaintiff Jane chose to enroll in Defendants' medical school.

14.     Although Plaintiff Jane had never before lived in San Antonio, Jane soon became drawn to Defendants UIW and UIW-Medical's Program.

15.     In reviewing the available marketing materials on Defendants UIW and UIW-Medical's Program, and, based on personal discussions Jane had with

representatives of Defendants UIW and UIW-Medical, Defendants UIW and UIW-Medical represented the UIW-Medical Program as follows:

(a) a new Program, that would be unlike almost every other medical programs in the United States;

(b) rather than following the traditional education model of other medical school, the Program would follow an interactive, case-based learning approach intended to enhance the learning opportunities of the students;

(c) the Program would flow from the mission of Defendant UIW and the founding call of the Sisters of Charity of the Incarnate Word to extend the healing ministry of Jesus Christ;

(d) the Program would empower all members of the medical education community to achieve academic, professional and personal success and develop a commitment to lifelong learning through excellence in learner–centered, patient-focused education, justice-based research and meaningful partnerships of osteopathic clinical service across the spectrum of undergraduate, graduate and continuing medical education;

(e) the Program's development and application of osteopathic principles of medicine across four years of physician training would promote culturally, linguistically, and community responsive care for all patients to enhance patient safety and improve patient outcomes;

(f) the Program would transform learning communities with the ability to impact civic engagement, education, health and health care in the global community;

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.08.06

(g)    the ***Integrity*** of the Program itself would be valued, as Defendants UIW and UIW-Medical would aspire to the highest ethical and moral standards in everything that Defendants UIW and UIW-Medical do, in keeping with the mission of the Sisters of Charity and Defendant UIW;

(h)    ***Stewardship*** of the Program would be valued, to safeguard the human and economic resources entrusted to Defendants UIW and UIW-Medical and to handle such resources in a responsible manner;

(i)    the Program would be based on ***Respect***, by Defendants UIW and UIW-Medical embracing diversity, and treating all people, cultures, and communities with dignity and fairness;

(j)    the Program would value ***Social Accountability***, with Defendants UIW and UIW-Medical being dedicated to research, education and service efforts that would respond to the priority health concerns of Defendants UIW and UIW-Medical's communities, particularly those who cannot protect their own interests and are most vulnerable to disparities in health outcomes;

(k)    the Program would value ***Compassion*** with Defendants UIW and UIW-Medical demonstrating empathy and sensitivity in all of Defendants UIW and UIW-Medical's interactions with others; responding with genuine concern and desire to alleviate suffering and promote social justice;

(l)    the Program would value ***Transformation***, as Defendants UIW and UIW-Medical would seek to transform Defendants UIW and UIW-Medical's students through service learning and community engagement initiatives that provide opportunities for meaningful interactions and

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.08.06

dialogue that would advance such students' perspective of social justice in health and illness;

(m)  the Program would be dedicated to providing Defendants UIW and UIW-Medical's students with the knowledge, skills and attitudes which will empower such students to develop into highly competent and compassionate osteopathic physician leaders who are committed to community engagement and social accountability;

(n)  the Program was committed to the success of Defendants UIW and UIW-Medical's students through transformational education, professional identity formation, and holistic student support;

(o)  although the Program was new, the Program would follow Defendant UIW's long and rich history of educating health professionals to be enlightened citizens who value diversity, community engagement and service to the underserved;

(p)  Defendants UIW and UIW-Medical were a place where students are encouraged to explore the holistic care of their future patients' minds, bodies, and spirits, and have the freedom to grow in these areas personally;

(q)  Although not yet formally accredited, the Program was approved by the Southern Association of Colleges and Schools Commission on Colleges;

(r)  the Program wield ensure that Defendants UIW and UIW-Medical's students meet in mission groups upon their arrival and are supported in their transition into medical school;

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.08.06

(s)     the Program would offer additional resources to assist Defendants UIW and UIW-Medical's students and provide holistic supports to balance such students' academic, personal, and professional development;

(t)     the Program included a "Student Success" department to provide academic support to the students and to direct such students to appropriate resources;

(u)     the Program would encourage the students to seek help from faculty during office hours and the Director of Student Success as necessary for the success of such students;

(v)     the Program would offer resources for Defendants UIW and UIW-Medical's students including guidance on time management, study skills, learning and personality styles, communication, counseling and student disabilities to assist in developing the skills necessary for success in the Defendants UIW and UIW-Medical's integrated curriculum, including but not being limited to:

       i.     academic counseling;

      ii.     individual and group advising;

     iii.     learning and student strategy assessments; and

     iv.     writing support;

(w)     the Program would assist Defendants UIW and UIW-Medical's students who might be experiencing challenges as such students transition into the Program;

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.08.06

(x)    Defendant UIW-Medical's Student Success department would offer assistance to the students with regards to:

       i.       the adjustment to medical school;

      ii.       balancing quality of life;

     iii.       communication;

     iv.       conflict resolution;

      v.       improving oral presentations;

     vi.       learning styles & strategies;

    vii.       motivation;

   viii.       personality assessment;

     ix.       personal health;

      x.       stress management;

     xi.       student disability services & accommodations;

    xii.       study skills;

   xiii.       test anxiety;

   xiv.       test taking skills;

    xv.       time management; and

   xvi.       wellness and academic resources assessment.

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.08.06

For the purposes hereof, the foregoing marketing materials, statements, and representations shall collectively be referred to hereafter as the "Representations."

16. Based on Defendants' Representations, Plaintiff Jane selected Defendants UIW and UIW-Medical as the medical school best for Jane to achieve her dream of becoming a physician.

17. Plaintiff Jane enrolled into Defendants UIW and UIW-Medical's Program, left her extended family and moved to San Antonio, Texas, a city Jane had never before lived in.

18. Plaintiff Jane's enrollment with Defendants UIW and UIW-Medical was formalized by written agreements between Plaintiff Jane and Defendants UIW and UIW-Medical, resulting in an "Educational Contract" which was based upon and includes the Representations.

19. As stated to Plaintiff Jane by Dr. Sophia Pina, Associate Dean of Student Affairs, Defendants each receive funds or grants from the United States of America, either directly or through student loans that are guaranteed by the United States.

### Defendants UIW and UIW-Medical's actual Program.

20. As Plaintiff Jane began to experience (from almost her first days at Defendants UIW and UIW-Medical), there was no true connection between the

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.08.06

Program described in the Representations and the actual Program Jane was attending, if one happened to be disabled or of Hispanic Ethnicity.

21.     Instead of a meaningful academic curriculum lead by qualified and dedicated professors, Plaintiff Jane was presented with:

> (a)     a weekly schedule of "case" meetings and discussions without any formal education into the fields of medicine a physician would require;
>
> (b)     a dean who had no experience in the educational approach being offered by the Program; and
>
> (c)     a faculty who showed no meaningful concern for the students or whether or not the students were learning.

For the purposes hereof, the foregoing shall collectively be referred to hereafter as the "Curriculum Failures."

22.     Notwithstanding the Curriculum Failures, Plaintiff Jane persevered with Defendants' Program.

### *Janes Disabilities.*

23.     Plaintiff Jane suffers from diagnosed Attention-Deficit/Hyperactivity Disorder ("ADHD").  Further, Jane suffers from a nerve condition that required Jane to have surgery in April 2017. In November 2017, being the first semester of Jane's first year of studies at Defendants' Program, Jane was involved in a serious car accident that resulted in injuries that exacerbated the nerve and surgery issues related

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.08.06

to Jane's shoulder and hand. As a result, in December 2017, Jane was medically diagnosed with certain temporary physical limitations to the use of Jane's left hand. For the purposes hereof, such limitation as well Jane's ADHD shall be collectively referred to as Jane's "Disabilities").

24.     Plaintiff Jane's Disabilities  qualify as disabilities covered by Section 504.

25.      As a result of Plaintiff Jane's Disabilities, Jane initiated a continual dialogue with Defendants as to Jane's Disabilities and Jane's need for certain "Accommodations" with regard Jane's ongoing classes. Such dialogue included a written confirmation of Jane's Disabilities and a request to Defendants (from Jane's physician with The Hand and Thumb Specialty Centers, P.A. located in San Antonio, Texas) that Jane be provided the Accommodations.

26.     Notwithstanding Defendants' Representations and duties under Section 504, Defendants refused to provide Plaintiff Jane the Accommodations required for Jane to continue her studies without disruption and difficulties. Nonetheless, Jane continued to push herself harder and persevere through her classes and studies.

### Defendants' Actions towards Jane.

27.     Most unfortunately and in violation of Section 504, notwithstanding Plaintiff Jane's Herculean efforts, notwithstanding the Curriculum Failures and

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.08.06

Defendants' failure to provide the required Accommodations to Jane, after Jane had requested the Accommodations, Defendants began a path to do everything in its power to get rid of Jane, including but not being limited to the follows actions:

(a)     From   December 2017 through June 2018, Jane was required to take, and retake various examinations that Jane would have otherwise passed if the Accommodations had been provided;

(b)     On July 3, 2018, merely weeks prior to the start of the next school year, Plaintiff Jane was informed that Jane would have to completely start over and begin the Defendants' Program again as a first year enrollee in the Program (hereafter, the "Start Over Order";

(c)     Plaintiff Jane formally appealed the Start Over Order;

(d)     On July 16, 2019, Defendants denied Plaintiff Jane's appeal of the Start Over Order;

(e)     Plaintiff Jane later learned that the denial of Jane's appeal of the Start Over Order had already been written before formal consideration of Jane's appeal;

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.08.06

(f)     In the Fall of 2018, Plaintiff Jane did accept the Start Over Order and began Defendants' Program again;

(g)    During the "new student" orientation programs in the Fall of 2018, Plaintiff Jane had to listen to Defendants make the same Representations to the new students that Jane had heard upon her initial enrollment;

(h)    Although Plaintiff Jane did attempt to procced with the Start Over Order, Defendants continued to refuse to offer Jane any of the Accommodations Jane still required; and

(i)    Plaintiff Jane subsequently learned that Anglo students were given the Accommodations that Jane had been denied.

28.    The known administrators that participated and contributed to the foregoing actions of Defendants include but are not limited to:

(a)    Dr. Sophia Pina, Associate Dean of Student Affairs;

(b)    Heather Williams, Assistant Director of Student Affairs;

(c)    Monica Solis-Hoefl, Director of Academic Support;

(d)    Dr. Sharon Gustowski, Associate Professor;

(e)    Dr. Kevin Kalinowski, Director of Assessments;

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.08.06

(f)     Earlanda L. Williams, Assistant Professor;

(g)     Dr. Lisa R. Chun;

(h)     Amanda K. Galan-Davila;

(i)     Dr. Bernard A. Hildebrand, Jr., Assistant Professor;

(j)     Dr. Linda G. Solis, Assistant Professor;

(k)     Dr. Douglas W. Warden, Assistant Professor;

(l)     Dr. Ramona A. Parker, Associate Dean;

(m)     Stacy Perez Waterman, Clinical Counselor;

(n)     Andrea M. Cyterski, Dean of Admissions; and

(o)     Robyn Phillips-Madson, Founding Dean and Chief Academic Officer.

29.     In the Fall of 2018, after enduring months of Defendants' denial of the Accommodations Plaintiff Jane required due to Jane's Disabilities, having lost faith that (a) Jane's Accommodations would ever be granted, (b) the Representations made by Defendants would ever be honored, and (c) the Curriculum Failures would ever be corrected by Defendants, Jane left Defendants' Program ("Jane's Departure").

30.     Notwithstanding Plaintiff Jane's Departure, Defendants are not finished harming Jane, for as Jane has attempted admission to other medical programs, Defendants refuse to provide credit to Jane for classes Jane did pass during her time

with Defendants, and Defendants continue to report Jane as a student that flunked out of Defendants' Program. After all the time and effort Plaintiff Jane spent with Defendants' Program, all Jane is left with is unpaid student debt of thousands of dollars.

31.    For the purposes of this Complaint, Defendants' refusal to provide Plaintiff Jane the Accommodation required due to Jane's Disabilities, the discrimination target at Jane because of her Hispanic Heritage, the Representations made by Defendants (which proved to be false), the Curriculum Failures, the Start Over Order, the acts and omissions set forth in Paragraph 27 subparts 27 (a) through (i) of this Complaint; and Defendants' actions as set forth in Paragraph 30 of this Complaint shall be collectively referred to hereafter as "Defendants' Actions").

### Harm to Jane.

32.    With the benefit of hindsight, it is clear that Defendants had no intention, or ability, of offering a *real* medical education to the disabled or Hispanic students of Defendants UIW and UIW-Medical through Defendants' "new and allegedly innovative" Program.

33.    Rather, Defendants used the disabled or Hispanic students of Defendant UIW and UIW-Medical's Program, including Plaintiff Jane, as guinea pigs, while Defendants work towards a hoped for certification.

16

**PLAINTIFF'S ORIGINAL COMPLAINT**

34.     Had Plaintiff Jane known that the Representations made by Defendants were actually false Representations, Jane would never have enrolled into Defendants' UIW and UIW-Medical's Program.

35.     Also when viewed in hindsight, Defendants' Start Over Order was merely a ruse to get rid of Plaintiff Jane because of Jane's Disabilities and her Hispanic Ethnicity.

36.     Defendants' Actions against Plaintiff Jane have caused Jane to suffer severe physical, emotional, and economic harm, and Jane shall continue to suffer future physical, emotional, and economic harm.

37.     Defendants' Actions committed as to Plaintiff Jane were made collectively by various administrators working in concert to harm Jane.

38.     Defendants' Actions committed as to Plaintiff Jane were unconscionable, intentional, and made in bad faith with full knowledge that the damage to Plaintiff Jane would follow Jane for the rest of her life.

### *Administrative Remedies.*

39.     There are no administrative remedy preconditions ("Preconditions") required prior to seeking relief under the laws being invoked herein by Plaintiff Jane. Even if such Preconditions did exist, the actions of Defendants have shown that such efforts would be utterly futile.

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.08.06

40.     As a result of Defendants' Actions targeted at Plaintiff Jane, Plaintiff Jane was forced to engage an attorney and pursue this action to redress such wrongs.

41.     All conditions precedent to Plaintiff Jane bringing these claims have been met.

## E.  PLAINTIFF'S CAUSE OF ACTION

42.     Plaintiff Jane incorporates by reference the facts set forth in Article D: FACTUAL ALLEGATIONS hereof.

## COUNT ONE: SECTION 504 VIOLATIONS

43.     As a private university receiving funds or grants from the United States (either directly or through acceptance of student loans guaranteed by the United States), such as the loans taken out By Plaintiff Jane, Defendants fall under the jurisdiction and requirements of Section 504.

44.     Even if Defendants receive absolutely no funds or grants from the United States of America, Defendants still fall under the jurisdiction and requirements of Section 504.

45.     As mandated by Section 504, Defendants are prohibited from discriminating against students having been diagnosed with various disabilities.

46.     Plaintiff Jane's Disabilities qualify as disabilities covered by Section 504, and Defendants' Actions against Jane are direct violations of Section 504.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.08.06

47.     Defendants UTAustin's Actions against Plaintiff Jane in violation of Section 504 have caused Plaintiff Jane to suffer a loss of benefits and created economic losses, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with Section 504.

48.     Defendants' Actions against Plaintiff Jane in violation of Section 504 have caused Plaintiff Jane to suffer mental and emotional distress and damages, including all actual, consequential, continuing, and future compensatory damages, for which Plaintiff Jane now sues in accord with Section 504.

## COUNT TWO: FRAUD IN THE INDUCEMENT

49.     Defendants UIW and UIW-Medical intentionally made false Representations to Plaintiff Jane with the intent that Plaintiff Jane would believe such Representations to be true, and, thereby choose to be enrolled in Defendants UIW and UIW-Medical's Program.

50.     Plaintiff Jane relied and acted upon the false Representations, believing such to be true.

51.     Had Plaintiff Jane known that the false Representations were, indeed, false and fraudulent, as well as being intended only for Anglo students, Plaintiff Jane would not have enrolled with Defendants UIW and UIW-Medical and would not have been harmed.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.08.06

19

52.     However, Plaintiff Jane did rely on the false and fraudulent Representations, has suffered severe physical, emotional, and economic harm, and Jane shall continue to shall suffer future physical, emotional, and economic harm, for which Plaintiff Jane now sues.

## COUNT THREE: BREACH OF CONTRACT

53.     Defendants' Actions committed against Plaintiff Jane included breaches of the Educational Contract with Defendants.

54.     Plaintiff Jane has suffered economic damage as a direct and proximate result of Defendants' breach of the Educational Contract.

55.     As a result of the foregoing, Plaintiff Jane hereby seeks recovery of all actual and consequential damages available to her arising from such breach.

## COUNT FOUR: INTENTIONAL
## INFLICTION OF EMOTIONAL DISTRESS

56.     Defendants' Actions towards Plaintiff Jane:

(a)     were intentionally and willfully undertaken by Defendants to harm Plaintiff;

(b)     were reckless and committed with no regard for the outcome as to Plaintiff;

(c)     were extreme and outrageous in nature;

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.08.06

(d)     have caused emotional distress upon Plaintiff; and

(e)     such emotional stress has been extreme.

57.     As a result, Defendants have intentionally inflicted emotional distress upon Plaintiff and are liable to Plaintiff for all actual and consequential damages for which Plaintiff  now sues.

## COUNT FIVE: TORTIOUS INTERFERENCE

58.     Defendants' Actions against Plaintiff Jane as to the efforts of Plaintiff Jane to enroll into a separate medical program away from, and outside of, Defendant UIW-Medical:

(a)     were undertaken with actual knowledge that Plaintiff Jane was attempting to enroll in another school;

(a)     were intentionally and willfully undertaken to impair and otherwise prevent Plaintiff Jane from being enrolled in another medical school;

(b)     proximately caused other schools to refuse to enroll Plaintiff Jane; and

(d)     have resulted in extreme loss and damages to Plaintiff.

59.     As a result, Defendants have intentionally and tortiously interfered with Plaintiff Jane's business and educational efforts and are each liable to Plaintiff Jane for all actual and consequential damages, for which Plaintiff Jane now sues.

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.08.06

## COUNT SIX. CONSPIRACY

60.    Further, Defendants' Actions toward Plaintiff Jane:

    (a)    were the actions of two or more persons;

    (b)    were undertaken with the goal of interfering with Plaintiff Jane's ability to complete Jane's medical education;

    (c)    represent a common "meeting of the minds" that Defendants would proceed with causing harm to Plaintiff Jane;

    (d)    did, in fact, and continue to, interfere with Plaintiff Jane's ability to complete Jane's medical education;

    (e)    were unlawful and overt acts intended to harm Plaintiff Jane;

    (f)    proximately caused Plaintiff Jane to be in emotional distress; and

    (g)    have resulted in extreme loss and damages to Plaintiff.

61.    By working together to deceive Plaintiff Jane and to cause Plaintiff Jane harm, Defendants have conspired together to defraud and harm Plaintiff Jane.

62.    As a result, Defendants have conspired to harm Plaintiff Jane and are each liable to Plaintiff Jane for all actual and consequential damages, for which Plaintiff now sues.

## COUNT SEVEN: IMPLIED WARRANTIES

63.     The Educational Contract between Plaintiff Jane and Defendants UIW and UIW-Medical include various implied warranties created by Texas jurisprudence, which were obviously breached by Defendants.

64.     Defendants' breach of said implied warranties has harmed Plaintiff Jane.

65.     As a result, Defendants have harmed Plaintiff Jane and are each liable to Plaintiff Jane for all actual and consequential damages, for which Plaintiff Jane now sues.

## COUNT EIGHT: PUNITIVE DAMAGES

66.     Defendants' Actions against Plaintiff Jane were unconscionable, intentional and willful, or at a minimum, were committed with a lack of regard for, or with reckless indifference to, Plaintiff Jane, thereby entitling Plaintiff Jane to punitive damages for which Plaintiff Jane now seeks in an amount of $5,000,000.00.

## COUNT NINE: ATTORNEYS' FEES

67.     Plaintiff Jane should be awarded her reasonable and necessary attorneys' fees incurred in relation to the foregoing as allowed by applicable law.

## COUNT TEN: PRE and POST JUDGMENT INTEREST

68.     Plaintiff Jane also requests pre and post judgment interest as may be allowed by applicable law.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.08.06

## F.  <u>REQUEST FOR JURY</u>

69.    Plaintiff Jane hereby requests that a jury be empaneled, and, that the foregoing causes of actions and requests for relief be presented to such jury for resolution.

## G.  <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff Jane prays that: summons be issued upon Defendants; upon final trial hereof, that judgment be entered in favor of Plaintiff Jane for the actual, consequential, and exemplary damages set forth herein including pre and post judgment interest; that Plaintiff Jane be reimbursed her reasonable and necessary attorneys' fees required to bring this matter; that all costs of Court be taxed against Defendants; and that Plaintiff Jane have such further and other relief, general and special, both at law or in equity, to which she may show herself to be justly entitled.

**PLAINTIFF'S ORIGINAL COMPLAINT**

Glaw 2019.08.06

Respectfully submitted,

Gorman Law Firm, pllc

By:_____
     Terry P Gorman, Esq.
     Texas Bar No. 08218200
     tgorman@school-law.co
901 Mopac Expressway South, Suite 300
Austin, Texas 78746
Telephone: (512) 980-4556 (direct)
Telecopier: (512) 597-1455
**ATTORNEYS FOR PLAINTIFF**
**JANE UIW-GEL DOE**

25

**PLAINTIFF'S ORIGINAL COMPLAINT**
Glaw 2019.08.06