# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JANE UIW-GEL DOE, | § § § | |
| *Plaintiff,* | § § | Civil Action No. SA-19-CV-957-XR |
| v. | § § | |
| UNIVERSITY OF THE INCARNATE WORD and UNIVERSITY OF THE INCARNATE WORD SCHOOL OF OSTEOPATHIC MEDICINE, | § § § § § § | |
| *Defendants.* | § § | |

## ORDER ON MOTION TO DISMISS

On this date, the Court considered Defendants' Motion to Dismiss for Lack of Jurisdiction (docket no. 5), Plaintiff's Response (docket no. 8), and Defendants' Reply (docket no. 11). For the foregoing reasons, Defendants' Motion is DENIED, but the Court ORDERS Plaintiff to file an Amended Complaint within seven (7) days in which Plaintiff identifies herself pursuant to Fed. R. Civ. P. 10.

## BACKGROUND

This case arises from Plaintiff Jane Doe's ("Plaintiff") tenure as a student at Defendants University of the Incarnate Word and the University of the Incarnate Word School of Osteopathic Medicine (collectively, "Defendants" or "UIW"). Plaintiff suffers from Attention-Deficit/Hyperactivity Disorder ("ADHD") and a nerve condition in her hand. Plaintiff enrolled at UIW in the fall of 2017, and later that semester was in a car accident which exacerbated that hand injury to the extent that Plaintiff was diagnosed with a temporary physical limitation. She sought accommodations from UIW who, she alleges, refused to provide them. Through the following

semester, Plaintiff was required to retake various examinations she alleges she would have otherwise passed if accommodations had been provided. And the following summer, UIW informed Plaintiff she would need to re-enroll as a first-year student. She appealed that decision, but her appeal was denied.

As a first-year student again in 2018, Plaintiff alleges that UIW continued to refuse her accommodations but that UIW granted accommodations to white students. Later that fall, Plaintiff claims she lost faith such accommodations would ever be granted. She also felt that certain representations UIW made as to its curriculum would never be honored. She claims that instead of a "meaningful academic curriculum led by qualified and dedicated professors," she experienced a lack of formal education typical of a medical school, an inexperienced dean, and a faculty who showed little concern for students' learning.

Soon thereafter, Plaintiff voluntarily left UIW. She claims that UIW continues to harm her in that it refuses to provide credit for classes Plaintiff passed as a UIW student and that UIW continues to report her as having failed out of UIW's program. Plaintiff alleges that administrators at UIW have worked in concert to harm her because of her disabilities and her Hispanic ethnicity.

Without seeking leave of the Court, Plaintiff filed suit anonymously, bringing claims for: (1) violation of Section 504 of the Rehabilitation Act, (2) fraud in the inducement, (3) breach of contract, (4) intentional infliction of emotional distress, (5) tortious interference, (6) conspiracy, and (7) breach of implied warranties.

**DISCUSSION**

### I. Subject Matter Jurisdiction

Defendants moved to dismiss the claim under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). At all points, the burden is on the plaintiff to prove

that subject-matter jurisdiction exists for his or her claims. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court should grant such a motion "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

In this case the Plaintiff has alleged a federal question, which provides this Court subject matter jurisdiction. Notwithstanding the federal question, Defendants argue that no subject matter jurisdiction exists because Plaintiff has brought this suit seeking anonymity. The Court finds unpersuasive Defendants' attempts to link its anonymity argument with its jurisdictional motion. If the Court here decided anonymity were proper, it would be peculiar for that very anonymity to also divest this Court of subject matter jurisdiction. Indeed, Defendants cite no authority from this Circuit—nor can the Court identify any—holding that a plaintiff's improper anonymity is grounds for a dismissal due to lack of subject matter jurisdiction.

The only authority Defendants cite to justify such a dismissal does not, in fact, support Defendants' position. *See* docket no. 5 at 2 (citing *Doe v. Bush*, SA-04-CA-1186, 2005 WL 2708754, at *5 (W.D. Tex. Aug. 17, 2005)). In that case, the Magistrate Judge first acknowledged it had jurisdiction under 42 U.S.C. § 1983, but then confusingly recommended dismissal on subject matter jurisdiction grounds because the court's deadline for amending the plaintiff's complaint had passed and because "[p]laintiff has already been afforded sufficient time to consider whether she will identify herself" given the plaintiff's motion to proceed anonymously and request for reconsideration. *Id.* And crucially, the district court thereafter decided it "will not dismiss plaintiff's claims on the ground that the Court lacks subject matter jurisdiction over plaintiff's

claims on the grounds they have been brought anonymously." *Sims v. Bush*, SA-04-CA-1186, 2005 WL 3337501, at *3 (W.D. Tex. Sept. 6, 2005).

Accordingly, the Court DENIES Defendants' Motion to Dismiss for lack of subject matter jurisdiction because this Court does indeed have jurisdiction, specifically under 28 U.S.C. § 1331 (Plaintiff's Rehabilitation Act claim) and § 1367 (related state-law claims). Plaintiff's anonymity is a distinct—and important—question, to which the Court now turns.

**II.     Plaintiff's Anonymity**

Having denied the Defendants' Motion to Dismiss, the Court nonetheless agrees with Defendants that Plaintiff may not proceed anonymously. Plaintiff filed her complaint anonymously, without seeking leave to do so. And though fashioned as a jurisdictional motion, the heart of Defendants' motion is its argument that the Court not permit Plaintiff to proceed anonymously. The Court agrees.

Parties must generally identify themselves in their pleadings. *Southern Methodist University Association of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 712 (5th Cir. 1979). No federal rule or statute allows a plaintiff to unilaterally use a pseudonym in court filings, and doing so is seen as contrary to the spirit of the Federal Rules. After all, Rule 10(a) requires a party commencing a civil action to disclose his or her name in the complaint, and Rule 17(a) requires that an action be prosecuted in the name of the real party in interest. *See* FED. R. CIV. P. 10(a), 17(a); *see Wynne & Jaffe*, 599 F.2d at 712. Such public access to information "is more than a customary procedural formality; First Amendment guarantees are implicated when a court decides to restrict public scrutiny of judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir. Unit A 1981) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980)).

Nonetheless, under exceptional circumstances, courts have allowed plaintiffs to conceal their true identities when pursuing a lawsuit. *Wynne & Jaffe*, 599 F.2d at 712 (collecting cases). Though there is no "hard and fast" formula for determining whether a party may proceed anonymously, *Stegall*, 653 F.2d at 186, the Fifth Circuit isolated three characteristics common to cases in which courts allowed a party to proceed anonymously: (1) plaintiffs seeking anonymity were suing to challenge governmental activity; (2) prosecution of the suit compelled plaintiffs to disclose information "of the utmost intimacy"; and (3) plaintiffs were compelled to admit their intention to engage in illegal conduct, thereby risking criminal prosecution. *Wynne & Jaffe*, 599 F.2d at 712.

But a court need not look solely at those three factors[1]; indeed, courts must consider the entirety of the circumstances, all while balancing "considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Plaintiff B v. Francis*, 631 F.3d 1310, 1316 (11th Cir. 2011); *Stegall*, 653 F.2d at 185–86. Such additional factors include whether plaintiffs would face threats of violence or physical harm by proceeding in their own names, a party's age and related vulnerability, and any prejudicial impact on the defending parties. *See Stegall*, 653 F.2d at 186.

In this case, Plaintiff has not demonstrated a need for anonymity that outweighs the presumption of openness mandated by procedural custom and constitutional considerations. The first and third *Wynn & Jaffe* factors are inapplicable, as Plaintiff is suing a private entity and none of her allegations risk admitting any conduct that might risk criminal sanctions. The second—whether the disclosures are of "utmost intimacy"—requires further discussion. Under the "utmost

---

[1] And a party need not, as Defendants argue, prove all three factors to proceed anonymously. *See Doe v. El Paso Cty. Hosp. Dist.*, 13-CV-406, 2015 WL 1507840, at *2 (W.D. Tex. Apr. 1, 2015) (citing *Plaintiff B*, 631 F.3d at 1316)).

intimacy" factor, "'where the issues involved are matters of a sensitive and highly personal nature', such as birth control, abortion, homosexuality, or the welfare rights of illegitimate children or abandoned families, the normal practice of disclosing the parties' identities yields 'to a policy of protecting privacy in a very private matter.'" *Wynne & Jaffe*, 599 F.2d at 712–13 (quoting *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Montana 1974)); *see also El Paso Cty Hosp. Dist.*, 2015 WL 1507840, at *4–5 (permitting anonymity in a case of sexual assault in which the complaint revealed graphic information regarding the plaintiff). But such cases are rare. Even the threat of hostile public reaction to a lawsuit will only "with great rarity warrant public anonymity." *Doe v. Beaumont Indep. Sch. Dist.*, 172 F.R.D. 215, 217 (E.D. Tex. 1997) (quoting *Stegall*, 653 F.2d at 186)).

Plaintiff's descriptions of her ADHD and unnamed hand injury do not rise to the level of "utmost intimacy" seen in the few cases that have allowed anonymity. Plaintiff has not disclosed any matter "of a sensitive and highly personal nature" such that the Court is willing to disregard the presumption in favor of openness in court proceedings. *Plaintiff B*, 631 F.3d at 1316. Plaintiff claims the prosecution of the case will require her to disclose details about her disabilities and "how intensely [she] was impacted and harmed" by Defendants' actions, but "the fact that [a party] may suffer some personal embarrassment" does not require the granting of a request to proceed anonymously. *Free Mrkt. Compensation v. Commodity Exch., Inc.*, 98 F.R.D. 311, 313 (S.D.N.Y. 1983); *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981).[2]

---

[2] Plaintiff objects that Defendants' pointing out the commonality of ADHD devalues her disability and may itself be a violation of the ADA (docket no. 8 at 7), but it appears to the Court that Defendants are doing so to highlight the prevalence of ADHD to show it is not of the "utmost intimacy." In any event, doing so is not itself a violation of the ADA. Plaintiff later claims that Defendants violate Section 504 by arguing for Plaintiff to proceed by her name and that "the irony and audacity of such a proposition should be not ignored." But Plaintiff is no longer a student at UIW, and asking the Court to require Plaintiff to proceed under the Federal Rules of Civil Procedure is not a violation of federal law.

Nor do the other factors some courts consider weigh in favor of anonymity. Plaintiff makes no claim that she is under threat of physical harm, and she does not disclose any age or related vulnerability. *Stegall*, 653 F.2d at 186. Moreover, Plaintiff claims a "real and eminent (sic) threat of further retaliation by Defendants" but immediately follows that by conceding that "the facts are well known to the Defendants." Docket no. 1 at 2. Without more, the Court has no basis to find that Defendant faces any possible retaliation for proceeding under her name. *See Wynne & Jaffe*, 599 F.2d at 713 (declining to allow law students to proceed anonymously in Title VII suit against law firm despite contention they would face difficulty obtaining firm jobs if their identifies were known). And when a plaintiff does not claim any greater threat of retaliation than any typical plaintiff, there is no compelling need to grant leave to proceed anonymously. *Id.* Finally, courts also consider the risk of unfairness to defendants, as "[b]asic fairness dictates that those among the defendants' accusers who wish to participate [in a lawsuit] as individual party plaintiffs must do so under their real names." *Id.* Without any of the above factors establishing a need to proceed anonymously, basic fairness here, too, dictates that Plaintiff must do so under her real name.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (docket no. 47) is DENIED, but Plaintiff is directed to amend her complaint to reflect her identity pursuant to Fed. R. Civ. P. 10 no later than December 18, 2019.

It is so ORDERED.

SIGNED this 10th day of December, 2019.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE